UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STONEX MARKETS LLC f/k/a INTL FCSTONE MARKETS, LLC,<br><br>                    Petitioner,<br><br>-against-<br><br>COOPERATIVA DE CAFICULTORES DEL SUROESTE DE ANTIOQUIA,<br><br>                    Respondent. | 23-CV-513 (JGLC) (OTW)<br><br>**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>** |

JESSICA G. L. CLARKE, United States District Judge:

This motion for entry of a default judgment confirming an American Arbitration Association arbitration award (the "Arbitration Award") and awarding attorneys' fees and costs incurred to confirm the Arbitration Award was referred to Magistrate Judge Wang for a Report and Recommendation. *See* ECF No. 23. In the Report and Recommendation filed on January 25, 2024, Magistrate Judge Wang recommended that Petitioner's motion for an entry of default judgment be granted and a default judgment affirming the Arbitration award against Respondent be entered. *See* ECF No. 26. The Report and Recommendation also recommends denying Petitioner's motion for additional attorneys' fees.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 26. In addition, the Report and Recommendation expressly called Respondent's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Respondent has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to close the case and to mail a copy of this Order to Respondent.

SO ORDERED.

Dated: February 21, 2024
New York, New York

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge